| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| THEODORE W. TAYLOR, #26966-078 § | |
| § | |
| *versus* § | CIVIL ACTION NO. 4:21-CV-103 |
| § | CRIMINAL ACTION NO. 4:17-CR-9(1) |
| UNITED STATES OF AMERICA § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Movant's motion for the undersigned United States District Judge to recuse herself (Dkt. #4). Having considered the motion, the Court is of the opinion that the motion should be denied.

Section 144 of 28 U.S.C. provides:

> Whenever a party to any proceeding in a district court makes and files a *timely* and *sufficient* affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reason for the belief that such bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party shall file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith. [*emphasis added throughout*]

Some of the grounds for recusal of a judge are set out in 28 U.S.C. § 455. This statute says, in pertinent part, as follows:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might *reasonably* be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

>(2) Where in private practice he served as a lawyer in the controversy . . .;
>
>(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser, or material witness . . .;
>
>(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
>
>(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
>
>>(i)   is a party to the proceeding . . .;
>>
>>(ii)  is acting as a lawyer in the proceeding;
>>
>>(iii) is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
>>
>>(iv)  is to the judge's knowledge likely to be a material witness in the proceeding. [*emphasis added throughout*]

28 U.S.C. § 455.

The Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature. *Henderson v. Dep't of Public Safety and Corr.*, 901 F.2d 1288, 1296 (5th Cir. 1990). Furthermore, it is well established that mere disagreements as to rulings made are almost always insufficient to show bias or prejudice justifying removal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Affidavits based on mere conclusions, opinions,

or rumors rather than personal knowledge are legally insufficient to require recusal. *Henderson*, 901 F.2d at 1296.

The Court first notes that Movant wholly failed in his obligation to file an affidavit. In the interest of justice, however, the Court will address Movant's allegations. Movant asserts that "Judge Crone was judge-shopped by Prosecutor Buys," complaining generally that she is biased, and sentences defendants at the maximum level. Movant also states he heard that Judge Crone "had a daughter die of a drug overdose." In addition, Movant alludes that Judge Crone allotted insufficient time for trial because "she needed to get her hair done." Among several other misstatements and rumors, these contentions are simply untrue. The undersigned does not have a daughter or any other family member who suffered from a drug overdose. Moreover, the Taylor trial began on Monday, October 1, 2018, and was concluded on Wednesday, October 10, 2018, which was ample time for the proceeding. There was no potential conflict with any alleged hair appointment, as Movant suggests, because the court schedules no such appointments during the work week. The record further reflects that Movant was sentenced to a guideline sentence of 240 months' imprisonment, which was consistent with Probation's recommendation. This sentence was actually below the sentencing range calculated using the guidelines, as it was the statutory maximum. In addition, Probation identified no factors that would warrant a departure from the applicable guideline range.

Hence, Movant's assertions constitute nothing more than conclusory allegations, opinions, and rumors. *Id*. Movant has not provided sufficient information that would lead a reasonable person to conclude that the undersigned District Judge was biased against Movant, nor is there any

3

evidence pointing to a personal, non-judicial bias. Movant fails to show any valid basis for removal of the undersigned United States District Judge from this action.

It is accordingly **ORDERED** that Movant's motion (Dkt. #4) is **DENIED**.

SIGNED at Beaumont, Texas, this 27th day of January, 2022.

                                    *Marcia A. Crone*
                                    MARCIA A. CRONE
                                    UNITED STATES DISTRICT JUDGE